FILED BY

98 OCT 30 PM 3: 16

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| JAPAN CBM CORPORATION,<br><br>  Plaintiff,<br>v.<br><br>A-1 WATCHES CORP. d/b/a WATCHES SUPERMARKET, PEDRO'S WATCHES AND REPAIRS and ANWER MYSOREWALA,<br><br>  Defendants. | CASE NO. 98-1902-CIV-UNGARO-BENAGES |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO SUPPRESS SEIZED EVIDENCE,
TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, JAPAN CBM CORPORATION ("Plaintiff"), hereby responds to Defendants, A-1 WATCHES CORP. d/b/a WATCHES SUPERMARKET's and ANWER MYSOREWALA's (collectively the "Defendants") Motion to Suppress Seized Evidence, to Dismiss and Memorandum of Law in Support Thereof, and states as follows:

I.  **INTRODUCTION**

This Court properly entered, and the United States Marshall's Office properly carried out, an Order of Seizure of counterfeit goods from the Defendants' business premises. This Court's Order resulted in the seizure of approximately 1,200 counterfeit watches bearing the Plaintiff's federally registered Q&Q trademark. Additionally, at the time of the seizure, and in accordance with the Order, the Defendants surrendered their business records relating to their counterfeiting activities

to the custody of Plaintiff's counsel. During the course of the seizure, the Plaintiff, its counsel, its investigators, and the U.S. Marshall's Office properly exercised their rights and duties under this Court's Order of Seizure and, accordingly, Defendants' Motion to Suppress Seized Evidence and Motion to Dismiss should be denied forthwith.

## II. ARGUMENT

The Defendants' present Motion is premised upon the erroneous claim that Plaintiff, its counsel, its investigators and/or the United States Marshall's office committed three alleged wrongs in connection with the subject seizure. First, the Defendants claim the Seizure Order was violated when the Plaintiff's representatives participated in the proceedings and aided the U.S. Marshalls in determining which goods and records should be seized. Second, the Defendants contend the Seizure Order was violated because Plaintiff's representatives reviewed confidential documents during the seizure instead of turning those documents over to the Court for storage until the scheduled preliminary injunction hearing on August 17, 1998. Finally, the Defendants contend that the Seal Order was somehow violated when Defendant Anwer Mysorewala was arrested for criminal counterfeiting following the seizure, even though it was Mysorewala's own counsel who contacted the police. Each of the Defendants' meritless contentions are addressed in order below.

### A. The Plaintiff Did Not Violate the Seizure Order by Participating in the Seizure Proceedings.

Pursuant to this Court's Order, the United States Marshall's Office conducted a seizure of counterfeit goods and business records of the Defendants' business. See Affidavit of Thomas Little, United States Deputy Marshall, attached hereto as Exhibit "A." On the morning of August 12, 1998, the United States Marshall's Office, through its deputies, Thomas Little and John O'Malley, served the Defendants with a copy of the Seizure Order together with the documents filed by the Plaintiff

-2-

KLUGER, PERETZ, KAPLAN & BERLIN, P.A. • MIAMI CENTER, SEVENTEENTH FLOOR, 201 SO. BISCAYNE BLVD., MIAMI, FL 33131 • (305) 379-9000

leading up to the issuance of the Order. At that time, United States Deputy Marshalls Little and O'Malley were accompanied by Plaintiff's representative, Hirokazu Yamada, Plaintiff's counsel, Steven I. Peretz and Michael B. Chesal of Kluger, Peretz, Kaplan & Berlin, P.A. and Plaintiff's private investigators, Pedro D. Fernandez-Ruiz and Larry Agatstein. As Defendants' counsel was informed upon his arrival at the scene, pursuant to 28 U.S.C. §566(c), the United States Marshalls have the authority to command any individuals to assist them in the completion of an ordered seizure. In that regard, Deputy Marshall Little explained to Defendants' counsel that the United States Marshall's Office had commanded the assistance of the above-identified individuals for the purpose of conducting the seizure in an expeditious and fair manner. See Affidavit of Little at ¶4. In particular, it was imperative that Plaintiff's representatives be on hand to identify which of the thousands of watches in Defendants' inventory were, in fact, counterfeit. This was done specifically for purposes of protecting the Defendants and avoiding a wrongful seizure of non-counterfeit goods.

As noted by Deputy Marshall Little in his Affidavit at ¶5, at all relevant times, the Plaintiff's representatives were acting under the direct control and supervision of the United States Marshall's Office, in particular, Deputy Marshalls Little and O'Malley. This is common practice in counterfeit seizure actions since the Deputy Marshalls are not generally intimately familiar with either the facts of the case or the method for distinguishing counterfeits from genuine goods.

The Defendants' reliance upon the decisions in Time Warner Entertainment Co. v. Does Nos. 1-2, 876 F. Supp. 407 (E.D.N.Y. 1994) and Warner Brothers, Inc. v. Dae Rim Trading, Inc., 877 F. 2d 1120 (2d Cir. 1989) is misplaced. In each of those cases, the Court was dealing with a proposed seizure order which mandated seizure by the Plaintiff and/or Plaintiff's representatives to the exclusion of the United States Marshalls or other law enforcement officers. In short, those cases do

-3-

KLUGER, PERETZ, KAPLAN & BERLIN, P.A. • MIAMI CENTER, SEVENTEENTH FLOOR, 201 SO. BISCAYNE BLVD., MIAMI, FL 33131 • (305) 379-9000

not stand for the proposition that it is unlawful or otherwise inappropriate for the Plaintiff, its counsel or its investigators to accompany and <u>assist</u> the United States Marshall's Office in the seizure process as occurred in the instant matter. Rather, those cases stand for the proposition that a plaintiff cannot conduct a seizure on its own. In view of the circumstances attendant to a seizure of counterfeit goods, it was wholly necessary and appropriate for Deputy Marshall Little to require that Plaintiff's representatives assist the United States Marshall's Office in effectuating the seizure herein. The Defendants have cited no legal authority suggesting otherwise.

**B.** **<u>Plaintiff Has Not Reviewed Defendants' Business Records</u>.**

The Defendants' second argument in favor of suppression or dismissal is divided into two parts, each of which is equally without merit. First, the Defendants contend that the Plaintiff violated the Seizure Order by assisting the U.S. Marshall's Office in the identification of documents to be seized pursuant to this Court's Order. However, as discussed herein, the U.S. Marshall's Office has the authority to command the assistance of any individuals the Office deems necessary to assist its deputies in effectuating a court ordered seizure. In this matter, the Marshall's Office specifically commanded and received the assistance of Plaintiff's representatives. This assistance was particularly necessary with regard to documentary evidence to be seized since the Deputy Marshalls could not reasonably be expected to identify the appropriate and relevant documents on their own. Once again, such assistance provided by the Plaintiff is standard operating procedure in trademark counterfeiting actions. <u>See</u> Affidavit of Little at ¶6. In any event, while the documents seized were selected and briefly reviewed by Plaintiff's counsel, those documents have been held by Plaintiff's counsel on an attorney's eyes only basis pending the decision on Defendants' Motion. As a result, no harm could possibly have come to the Defendants.

-4-

KLUGER, PERETZ, KAPLAN & BERLIN, P.A. • MIAMI CENTER, SEVENTEENTH FLOOR, 201 SO. BISCAYNE BLVD., MIAMI, FL 33131 • (305) 379-9000

Second the Defendants assert that the Court's Order was violated by the U.S. Deputy Marshalls who effectuated the seizure when those Deputies turned over Defendants' seized business records to Plaintiff's counsel for storage. According to the terms of the Order, those document were to be deposited with the Court until such time as the preliminary injunction hearing could take place. It is clear that this argument amounts to nothing more than grasping at straws by the Defendants. Although the Seizure Order initially vested custody of the business records with the Court, Plaintiff's counsel was subsequently appointed substitute custodian of those records upon the *ore tenus* motion of Defendants. In other words, the Defendants specifically requested that Plaintiff's counsel be appointed custodian for the possession and retention of Defendants' business records. Thus, Defendants' argument is specious, at best.

C. **Plaintiff Did Not Violate the Court's Seal Order.**

The Defendants' final argument is ludicrous. The publication of the seizure in this case had nothing to do with the Plaintiff. Rather, it was the direct result of the actions of Defendants' own counsel. Specifically, during the seizure, Defendants' counsel called the City of Miami Police Department to request that officers be dispatched to the scene to have Plaintiff's representatives and counsel be arrested for trespassing. See Affidavit of Little at ¶9. As is generally the case, when the City of Miami dispatch responded, the message was picked up by a local news station on its scanner. Hence, through Defendants' counsel's own actions, the seizure was publicized both to the City of Miami Police Department and the local news media. Further, once the police arrived on the scene, they were apprised of the situation by Defendants' and Plaintiff's counsel. Unfortunately for Mr. Mysorewala, because he was offering for sale a felony amount of counterfeit trademarked goods,

-5-

the City of Miami Police were wholly within their authority to arrest him. How this could possibly constitute a violation of the Seal Order remains a mystery.

In any event, the Seal Order was only in place to protect the Defendants' reputation in the event the Plaintiff had unjustly obtained the Temporary Restraining Order. That issue would have been addressed at a preliminary injunction hearing. However, as this Court knows, the Defendants stipulated to entry of a preliminary injunction against them. Hence, the Defendants effectively acknowledged that the Temporary Restraining Order was valid and that they should be enjoined from their counterfeiting activities.

### D. Dismissal is Inappropriate Based Upon Prior Evidence.

Even if this Court were to accept the Defendants' version of events and deem the seizure of evidence now held by the Plaintiff's counsel to have been wrongful, dismissal is still not warranted. As part of its initial moving papers, the Plaintiff submitted evidence that Plaintiff's investigators, on at least three separate occasions prior to execution of the Seizure Order, purchased counterfeit Q&Q Watches from the Defendants. Clearly, regardless of what transpired at the time of execution of the Seizure Order, this evidence remains and cannot be suppressed. Accordingly, based upon that evidence alone, the Plaintiff has a viable trademark counterfeiting claim against the Defendants. Hence, dismissal would be inappropriate.

### III. CONCLUSION

In view of the foregoing, the Defendants' Motion to Suppress Seized Evidence and Dismiss this Complaint should be denied.

KLUGER, PERETZ, KAPLAN & BERLIN, P.A. • MIAMI CENTER, SEVENTEENTH FLOOR, 201 SO. BISCAYNE BLVD., MIAMI, FL 33131 • (305) 379-9000

Respectfully submitted,

**KLUGER, PERETZ, KAPLAN & BERLIN, P.A.**
Miami Center, 17th Floor
201 South Biscayne Blvd.
Miami, Florida 33131
(305) 379-9000

By: *Stephen M. Gaffigan*
Steven I. Peretz
Florida Bar No. 329037
Stephen M. Gaffigan
Florida Bar No. 025844

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 20th day of October, 1998 to W. Sam Holland, Esq., Hinshaw & Culbertson, 200 South Biscayne Boulevard, First Union Financial Center, Suite 800, Miami, Florida 33131.

By *Stephen M. Gaffigan*
Stephen Gaffigan

S:\28180001\pleading\ML-Opposition.DefMotionSupMD.wpd

-7-

KLUGER, PERETZ, KAPLAN & BERLIN, P.A. • MIAMI CENTER, SEVENTEENTH FLOOR, 201 SO. BISCAYNE BLVD., MIAMI, FL 33131 • (305) 379-9000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

JAPAN CBM CORPORATION,

    Plaintiff,

v.

A-1 WATCHES CORP. d/b/a WATCHES SUPERMARKET, PEDRO'S WATCHES AND REPAIRS and ANWER MYSOREWALA,

    Defendants.

CASE NO. 98-1902-CIV-UNGARO-BENAGES

## AFFIDAVIT OF DEPUTY UNITED STATES MARSHAL THOMAS W. LITTLE

STATE OF FLORIDA    )
                              )
COUNTY OF MIAMI-DADE    )

**BEFORE ME** the undersigned personally appeared Deputy United States Marshal Thomas W. Little, who, upon first being duly sworn, deposes and states:

1. I, Thomas W. Little, Deputy United States Marshal, am over the age of eighteen, and the statements set forth herein are made of my own personal knowledge.

2. On August 12, 1998, I traveled to the Defendants' premises located at 223 East Flagler Street, 4th Floor, Miami, Florida 33130. At that time I served the Defendants, A-1 Watches Corp. d/b/a Watch Supermarket and Anwer Mysorewala with a copy of the Complaint in this action together with Plaintiff's Emergency *Ex Parte* Motion for (A) Temporary Restraining Order; (B)



Preliminary Injunction; (C) Seizure Order; (D) Substitute Custodian Order; (E) Order Restraining the Transfer of Assets; (F) Expedite Discovery; and (G) an Order Temporarily Sealing the Court File, with Memorandum of Law in Support Thereof and this Court's Order thereon.

3.   I was accompanied to Defendants' premises by Deputy United States Marshal John O'Malley, Plaintiff's investigators from AAction Investigation and Security, Inc., Plaintiff's representative Hirokazu Yamada and Plaintiff's counsel, Steven I. Peretz, Esq. and Michael B. Chesal, Esq.

4.   After service of the above-identified documents upon Defendants as required by the Court's Order, I proceeded to carry out the seizure of counterfeit merchandise and related documents as required by the terms of the Order of Seizure. At that time, pursuant to 28 U.S.C. §566(c), I commanded the assistance of Plaintiff's representatives, investigators and counsel in order to execute the U.S. Marshal's Office duties under the Seizure Order. Section 566 of Title 28 provides as follows:

> Except as otherwise provided by law or rules of procedure, the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties.

5.   At all times during execution of the Seizure Order, the activities of the Plaintiff's representatives, investigators and counsel were under the direct supervision and control of myself and/or Deputy John O'Malley. Any distractions from that supervision were the direct result of Defendants' counsel's attempts to argue Defendants' position and prevent the execution of the Seizure Order.

6.   In my career as a Deputy United States Marshal, I have conducted numerous seizures of counterfeit goods pursuant to orders of United States District Courts. It is standard operating

CASE NO. 98-1902-CIV-UNGARO-BENAGES

procedure for the U.S. Marshals Service to command the assistance of the Plaintiff's representatives and investigators in the execution of such a Seizure Order. This is because the Plaintiff and its representatives are generally most knowledgeable about the Plaintiff's trademarked goods and their assistance prevents the U.S. Marshals Service from wrongfully seizing genuine goods and/or documents unrelated to the Defendants' counterfeiting activities.

7. Further, during the course of the search and seizure of the Defendants' premises, I was joined by several additional Deputy United States Marshals, including Supervisory Deputy U.S. Marshal Ed Purchase. These additional deputies also assisted in the supervision, monitoring and control of Plaintiff's representatives.

8. At all times relevant, the United States Marshals Service carried out its duties and obligations under the Seizure Order issued by this Court and did not violate the Court's Order in any fashion.

9. Defendant, Anwer Mysorewala was not arrested by any of the United States Marshals Service personnel present at the Defendants' premises. Rather, Mr. Mysorewala was arrested after his attorney contacted the City of Miami Police Department in an attempt to have the Plaintiff and its representatives arrested for trespassing.

**FURTHER AFFIANT SAYETH NOT.**

_____
Thomas W. Little, Deputy United States Marshal

-3-

CASE NO. 98-1902-CIV-UNGARO-BENAGES

The foregoing instrument was sworn to, subscribed and acknowledged before me this 2nd day of October 1998, by Thomas W. Little, Deputy United States Marshal, who is personally known to me ~~or has produced~~ _____ ~~as identification and ( ) did~~ (✓) did not take an oath.

Donna F. Gelish
Notary Public - Commission No.

OFFICIAL NOTARY SEAL
DONNA F GELISH
COMMISSION NUMBER
CC753519
MY COMMISSION EXPIRES
JULY 16, 2002

My commission expires:

S:\28180001\pleading\Little.Affiduvit.wpd